**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARCUS X. HOLMES,**

    **Plaintiff,**

vs.                                                 **Case No. 4:09cv468-MP/WCS**

**WARDEN, et al.,**

    **Defendants.**

                                    /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 7. Plaintiff has listed three Defendants, all of whom are located at Union Correctional Institution which is within the Middle District of Florida. Plaintiff is, however, incarcerated within the Southern District of Florida as he is currently housed at Martin Correctional Institution in Indiantown, Florida. The events about which Plaintiff complains occurred within the Middle District of Florida. Jurisdiction is not appropriate in this Court. 28 U.S.C. § 1391(b); 28 U.S.C. § 89. This case should, accordingly, be transferred.

Another reason for transfer of this action is Plaintiff's litigation history. When Plaintiff was ordered to submit an amended complaint, I noted that Plaintiff had not truthfully completed the civil rights complaint form. *See* doc. 5. When asked whether Plaintiff had ever filed any other actions in either state or federal court, whether civil rights cases or habeas petitions, Plaintiff answered No. Doc. 1, p. 4. That was not true. Plaintiff was ordered to "list *all* cases he has filed, even those that were immediately dismissed by a court, and he must list any cases that were dismissed under 28 U.S.C. § 1915(e)." Doc. 5. Plaintiff now lists another case he previously filed in the Middle District of Florida, case 3:07cv515. However, Plaintiff does not list all his cases and, instead, wrote: "I am unsure of any prior cases I have filed." Doc. 7, p. 3. That is not acceptable as it is Plaintiff's obligation to keep up with his cases and provide them to the Court when required. In directing transfer of this case to the Middle District of Florida, that Court will best be suited to determine the prior cases Plaintiff has filed and which of those cases might count as a dismissal under 28 U.S.C. § 1915(g).

Because all of the Defendants in this case are located in the Middle District of Florida, and that is where the events about which Plaintiff complains occurred, the proper forum for this action pursuant to 28 U.S.C. § 391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court

may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 28, 2010.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**